**Estella TENNEY, Appellee,**

v.

**The A. B. & W. TRANSIT COMPANY, Appellant.**

**No. 9855.**

United States Court of Appeals Fourth Circuit.

Argued May 6, 1965.

Decided July 25, 1966.

Fred C. Alexander, Jr., Alexandria, Va. (Boothe, Dudley, Koontz, Blankingship & Stump, Alexandria, Va., on brief), for appellant.

Richard C. Shadyac, Arlington, Va. (McGinnis, Berg, Shadyac & Nolan, Arlington, Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and J. SPENCER BELL, Circuit Judges.

PER CURIAM:

In this automobile accident case, the defendant appeals from a judgment for the plaintiff entered by the Court at the conclusion of the trial to the Court without a jury. The defendant challenges the Court's finding of fact that the bus was 105 feet from the plaintiff's vehicle when the bus driver first sighted it.

The plaintiff, with her husband, had visited Mount Vernon. They re-entered their car in the East Parking Lot, the husband being the driver, and drove to the exit from that lot to the George Washington Memorial Parkway. They stopped at a stop sign set some distance back from the north bound traffic lanes of the Parkway, from which point visibility in the direction of approaching traffic is very restricted. They testified that they then proceeded further, where their view was unobstructed, saw nothing coming, and then undertook to cross the north bound traffic lanes to turn left into one of the south bound traffic lanes of the Parkway.

Meanwhile, one of the defendant's buses came out of the traffic circle south of the exit from the East Parking Lot heading north in the still curving right hand

lane. The bus driver testified that, when he was some forty to sixty feet from the southern edge of the exit from the East Parking Lot, he saw the plaintiff's automobile come out of the exit and begin to move across his path. He applied his brakes, blew his horn and turned to his left. The plaintiff's vehicle did not stop, however, though the driver undertook to turn to his right to avoid the bus. The vehicles collided near the western edge of the inside north bound traffic lane.

The plaintiff and her husband testified that they, too, first saw the bus when it was only some fifty or sixty feet away, the bus driver, the plaintiff and her husband being thus in substantial agreement as to the distance between the vehicles when they first came within sight of each other.

The bus driver was asked, however, how far below the traffic sign on his left his bus was when he first sighted the plaintiff's automobile. He testified that he was approximately forty feet, or one bus length south of that sign. By actual measurement, a police official had determined that the sign to which reference had been made was some sixty-five feet south of the exit from the East Parking Lot. The court's finding that the bus was 105 feet away was thus premised on a finding that the traffic sign was 65 feet south of the exit and the bus 40 feet south of the sign.

In a diagram on the report of the accident, however, prepared under the direction of the bus driver, the sign had been placed opposite the parking lot exit, and the bus driver on the witness stand clearly disclosed that he thought that the sign about which he had been asked was opposite the exit, insisting that the diagram prepared under his own direction was correct, rather than that prepared by the police officer. It is apparent beyond doubt that he repeatedly testified that he was some forty to sixty feet from the automobile when he first saw it, and that he thought he must have been some forty feet south of the sign on his left, because it was opposite the southern boundary of the parking lot exit.

There was testimony from the plaintiff and her husband that the bus was proceeding at approximately 35 miles an hour when they first saw it, but the bus driver and several passengers testified that the bus was going only 15 miles an hour, the speed limit at that point. The District Judge, however, made no finding as to the speed at which the bus was proceeding. Finding that the bus was 105 feet from the plaintiff's vehicle when the bus driver first saw it and reasoning that, if the speed of the bus had been 15 miles an hour, it could have been stopped in 40 feet, or less, the Judge concluded that the bus driver did not exercise due care in maintaining a proper lookout or in keeping his vehicle under proper control.

█ The predicate of the ultimate finding, which is the specific finding that the bus driver had 105 feet within which to take evasive action, cannot be supported. The sign to the left directing traffic proceeding in the opposite direction was wholly unrelated to the accident. The bus driver had been consistent in his testimony that he was within forty to sixty feet of the automobile when he first saw it. His confusion about the location of a sign which had no part in the accident cannot place him farther away. The fact that he was mistaken as to the exact location of the sign does not impeach his testimony or warrant a finding that the bus was 105 feet from the automobile when the bus driver first sighted it. If the sign was where the bus driver thought it was, there is absolutely no inconsistency in his testimony. Moreover, his testimony is entirely consistent with that of the plaintiff's evidence. As noted above, the plaintiff and her husband testified that they were looking, but that, when they saw the bus coming along the curve in its right hand lane, it was only some 50 to 60 feet from them.

Convinced that a mistake has been made, we cannot accept the court's finding as to the distance which separated

the two vehicles when they came within sight of each other.[1]

Since the District Court did not resolve the dispute as to the speed of the bus, our rejection of the finding upon which the District Court decided the case does not end the matter. Further findings are requisite on the speed issue before the rights and liabilities of the parties can be finally determined. Further consideration of possible fault on the part of the bus driver in the lookout he maintained and his control of the bus may also be not inappropriate even in the light of proper findings as to the distances between the two vehicles at first sighting.

The case will be remanded to the District Court for such further hearings and other proceedings as may be necessary and for the entry of additional findings of fact and conclusions of law.

Reversed and remanded.

---

1. See Rule 52(a) Federal Rules of Civil Procedure; United States v. United States Gypsum Co., 333 U.S. 364, 394–395, 68 S.Ct. 525, 92 L.Ed. 746.